Colleen C. Smith
Direct Dial: +1.858.523.3985
colleen.smith@lw.com

12670 High Bluff Drive
San Diego,
Tel: +1.8
www.lw.

**LATHAM & WATKINS** LLP

FIRM / A
Beijing
Boston
Brussels
Century
Chicago          Paris
Dubai            Riyadh
Düsseldorf       San Diego
Frankfurt        San Francisco
Hamburg          Seoul
Hong Kong        Shanghai
Houston          Silicon Valley
London           Singapore
Los Angeles      Tokyo
Madrid           Washington, D.C.
Milan

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2020

January 10, 2020

**VIA ECF AND EMAIL**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *In re GTx, Inc. Shareholders Litigation*, No. 1:19-cv-03239 (AT) (JLC) (S.D.N.Y.)

Dear Judge Torres:

  This letter is submitted on behalf of Defendants GTx, Inc. ("GTx" or the "Company"), Robert J. Wills, Marc S. Hanover, J.R. Hyde, III, J. Kenneth Glass, Michael G. Carter, Kenneth S. Robinson, and Garry A. Neil (collectively, "Defendants") in the above-referenced action. We write pursuant to Rule IV.A. of the Court's Individual Practices, to request leave to file under seal Exhibit F to the Declaration of Colleen C. Smith ("Smith Declaration") in support of Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion") in its entirety, and portions of Exhibit B to the Smith Declaration and references to Exhibits B and F in Defendants' memorandum and request for judicial notice in support of the Motion (collectively, the "Confidential Documents"). The Court previously granted Plaintiffs' earlier application to seal the same information in Exhibit B, the Amended Class Action Complaint filed on September 16, 2019 (*see* Dkt. Nos. 24, 25), and counsel for Plaintiffs confirmed they do not oppose Defendants' request to seal the Confidential Documents here.

  Although there is a presumptive right to access judicial documents, that right is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). Instead, the Court must "balance competing considerations against" access, including but not limited to, "the danger of impairing law enforcement or judicial efficiency" and "the privacy interest of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see, e.g.*, *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-1209, 2013 WL 4012772, at *17-18 (D. Conn. Aug. 5, 2013) (sealing documents to protect confidential and private information); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of a protective

order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information"). Here, this balancing test weighs in favor of sealing the Confidential Documents.

As a preliminary matter, GTx produced Exhibit F—a presentation prepared and given by GTx's financial advisor, Aquilo Partners, L.P. ("Aquilo"), to GTx's Board of Directors on April 29, 2019—to Plaintiffs' counsel during the course of settlement negotiations and confidential discovery between the parties. As such, there is no presumption of public access to this exhibit or references to it contained in Exhibit B, and Defendants' memorandum and request for judicial notice. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-2014, 2008 WL 199537, at *6 (S.D.N.Y. Jan. 22, 2008) ("Because the [documents] were exchanged in discovery but never filed with the Court, they carry no presumption of public access under either the common law or the First Amendment. Thus… there is no presumption in favor of disclosure.") (internal citations omitted); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[Because pretrial discovery] proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice… restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07-10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) (reasoning that "[t]here is no tradition of public access to documents culled from full discovery [at the motion to dismiss stage.]").

Even if there were a presumption of public access to the Confidential Documents, the Confidential Documents reveal highly sensitive, non-public business information that courts have consistently held warrants sealing. *See Lugosch*, 435 F.3d at 120. Specifically, the Confidential Documents contain detailed financial information for both GTx and Oncternal Therapeutics, Inc. ("Oncternal") prior to the merger, as well as financial expectations for the combined company (Oncternal) post-merger. This includes not only competitive analyses and valuation data for each company in advance of the anticipated merger, but also Oncternal's projected revenue through fiscal year 2020. *See, e.g.*, Ex. F at 4-12, 17, 21-27, 34, 37, 40-62. GTx and Oncternal exchanged this non-public information during the merger negotiations with the expectation that it would be kept confidential. This information should remain confidential and sealed from the public record in order to avoid unfairly giving competitors insight into the companies' most sensitive financial data and projections. *See, e.g.*, *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because "Plaintiffs would be competitively harmed."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information including cost and profit structures, reasoning that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

The Confidential Documents also reveal highly confidential and sensitive proprietary information about the companies' potential drug candidates and new technologies, including the

**LATHAM & WATKINS** LLP

progress and projected timelines of ongoing and anticipated clinical trials, the development of new product pipelines, and research and development ("R&D") funding. *See, e.g.*, Ex. F at 14-16, 29-33. This information should remain confidential because public disclosure would unfairly give competitors insight into Oncternal's proprietary product development strategy, pipelines, and R&D support, which "poses a significant risk of harm to [Oncternal], a pharmaceutical company operating in a competitive marketplace." *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) ("Disclosure of confidential proprietary material and trade secrets poses a significant risk of harm to Lilly, a pharmaceutical company operating in a competitive marketplace."); *see, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035-36 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).

In accordance with the Court's Individual Practices, Defendants will concurrently submit a full set of the Confidential Documents and a separate set containing solely the pages proposed to be redacted, with the proposed redacted material highlighted in both.

Respectfully submitted,

/s/ Colleen C. Smith
Colleen C. Smith (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All counsel of record (via email)

GRANTED. By **January 22, 2020**, Defendants shall file the unredacted filings under seal and redacted filings to the public docket.

SO ORDERED.

Dated: January 15, 2020
New York, New York

ANALISA TORRES
United States District Judge