Colleen C. Smith
Direct Dial: +1.858.523.3985
colleen.smith@lw.com

# LATHAM&WATKINS LLP

12670 H
San Dieg
Tel: +1.8
www.l

FIRM / A
Beijing
Boston
Brussels
Century City    Orange County
Chicago         Paris
Dubai           Riyadh
Düsseldorf      San Diego
Frankfurt       San Francisco
Hamburg         Seoul
Hong Kong       Shanghai
Houston         Silicon Valley
London          Singapore
Los Angeles     Tokyo
Madrid          Washington, D.C.
Milan

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2020
```

February 14, 2020

**<u>VIA ECF</u>**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *In re GTx, Inc. Shareholders Litigation*, No. 1:19-cv-03239 (AT) (JLC) (S.D.N.Y.)

Dear Judge Torres:

This letter is submitted on behalf of Defendants GTx, Inc. ("GTx" or the "Company"), Robert J. Wills, Marc S. Hanover, J.R. Hyde, III, J. Kenneth Glass, Michael G. Carter, Kenneth S. Robinson, and Garry A. Neil (collectively, "Defendants") in the above-referenced action. We write pursuant to Rule IV.A. of the Court's Individual Practices, to request leave to file under seal the confidential portions of Defendants' reply memorandum ("Reply") in support of Defendants' Motion to Dismiss ("Motion"). The Court previously granted Defendants' earlier application to seal the same confidential information in the Motion and certain exhibits to the Declaration of Colleen Smith filed in support thereof (*see* Dkt. Nos. 54, 56), as well as in Plaintiffs' Amended Class Action Complaint filed on September 16, 2019 (*see* Dkt. Nos. 24, 25), and Plaintiffs' Opposition to the Motion filed on January 31, 2020 (*see* Dkt. Nos. 61, 62). In connection with the filing of their Opposition and Defendants' Motion, Plaintiffs consented to sealing the same information contained in the Reply.

Although there is a presumptive right to access judicial documents, that right is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). Instead, the Court must "balance competing considerations against" access, including but not limited to, "the danger of impairing law enforcement or judicial efficiency" and "the privacy interest of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see, e.g.*, *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-1209, 2013 WL 4012772, at *17-18 (D. Conn. Aug. 5, 2013) (sealing documents to protect confidential and private information); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of a protective

order, for good cause, to prevent disclosure of "a trade secret or other confidential research, development, or commercial information"). Here, this balancing test weighs in favor of sealing the confidential portions of the Reply.

The Reply contains references to Exhibit F to the Declaration of Colleen Smith—a presentation prepared and given by GTx's financial advisor, Aquilo Partners, L.P. ("Aquilo"), to GTx's Board of Directors on April 29, 2019. Defendants' produced Exhibit F to Plaintiffs' counsel during the course of settlement negotiations and confidential discovery between the parties. As such, there is no presumption of public access to the references to Exhibit F in the Reply. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-2014, 2008 WL 199537, at *6 (S.D.N.Y. Jan. 22, 2008) ("Because the [documents] were exchanged in discovery but never filed with the Court, they carry no presumption of public access under either the common law or the First Amendment. Thus… there is no presumption in favor of disclosure.") (internal citations omitted); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[Because pretrial discovery] proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice… restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07-10470, 2013 WL 3531600, at *4 (S.D.N.Y. July 12, 2013) (reasoning that "[t]here is no tradition of public access to documents culled from full discovery [at the motion to dismiss stage.]").

Even if there were a presumption of public access to the confidential portions of the Reply, the Reply reveals highly sensitive, non-public business information that courts have consistently held warrants sealing. *See Lugosch*, 435 F.3d at 120. Specifically, the Reply contains detailed financial information for both GTx and Oncternal Therapeutics, Inc. ("Oncternal") prior to the merger, as well as financial expectations for the combined company (Oncternal) post-merger, including valuation analyses. *See, e.g.*, Reply at 1, 3, 4, 7, 12 (citing Ex. F at 7). GTx and Oncternal exchanged this non-public information during the merger negotiations with the expectation that it would be kept confidential. This information should remain confidential and sealed from the public record in order to avoid unfairly giving competitors insight into the companies' most sensitive financial data. *See, e.g.*, *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because "Plaintiffs would be competitively harmed."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information including cost and profit structures, reasoning that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). The Court has previously granted Defendants' request for leave to file Exhibit F under seal in its entirety (*see* Dkt. No. 56), and references to that same information in the Reply should be sealed for the same reason.

LATHAM&WATKINS LLP

    In accordance with the Court's Individual Practices, Defendants will concurrently file a public version of the Reply with the proposed redactions and file under seal a copy of the unredacted Reply with the proposed redactions highlighted via the ECF System.

Respectfully submitted,

/s/ Colleen C. Smith
Colleen C. Smith
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)

GRANTED.

SO ORDERED.

Dated: February 18, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge